**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| Calvin Davis; Todd Fason; NeDraya McGowan; and Robby Riedel, on behalf of themselves and all similarly situated individuals, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-89-KGB |
| Boyce Hamlet, in his official capacity as Chair of the Arkansas Post-Prison Transfer Board; Lindsay Wallace, in her official capacity as Secretary of the Arkansas Department of Corrections; Jim Cheek, in his official capacity as Director of the Arkansas Division of Community Correction; and Jamie Barker, in his official capacity as Chair of the Arkansas Board of Corrections, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**
**<u>AND/OR PRELIMINARY INJUNCTION</u>**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Calvin Davis, Todd Fason, NeDraya McGowan, and Robby Riedel (together, "Named Plaintiffs"), on behalf of themselves and all similarly situated individuals (jointly with Named Plaintiffs, "Plaintiffs"), move for the entry of a temporary restraining order and/or preliminary injunction against Defendants Boyce Hamlet, in his official capacity as Chair of the Arkansas Post-Prison Transfer Board; Lindsay Wallace, in her official capacity as Secretary of the Arkansas Department of Corrections; Jim Cheek, in his official capacity as Director of the Arkansas Division of Community Correction; and Jamie Barker, in his individual capacity as Chair of the Arkansas Board of Corrections (together, "Defendants").

Named Plaintiffs imminently face hearings for revocation of their parole. They seek a temporary restraining order and/or preliminary injunction on behalf of themselves and a provisional class of similarly situated persons under Fed. R. Civ. P. 23 and 65 to halt Defendants' unconstitutional practice of denying counsel at parole revocation hearings and otherwise violating the due process rights of Plaintiffs and members of the provisional class. As further explained in the accompanying brief, Defendants routinely fail to provide constitutionally required counsel for parole revocation hearings—indeed, Arkansas has a regulation stating that appointed counsel will never be provided for parole revocation hearings—in violation of *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Furthermore, Defendants routinely commit other due process violations, such as failing to provide adequate opportunity to challenge allegations that form the basis of the revocation, as required by *Morrissey v. Brewer*, 408 U.S. 471 (1972). Defendants' policies and practices as to parole revocation hearings will violate Plaintiffs' due process rights unless the Court enters a temporary restraining order and/or preliminary injunction. For the reasons stated in the brief, Plaintiffs are likely to succeed on the merits of their due process claims and will be irreparably harmed by the deprivation of their liberty without due process absent injunctive relief.

Additionally, Defendants' parole revocation policies and procedures fail to accommodate disabilities in general, and will fail to accommodate Mr. Fason and Mr. Riedel's disabilities specifically, in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Specifically, Mr. Fason suffers from attention-deficit/hyperactivity disorder ("ADHD"), for which he takes Dextroamphetamine. He is not currently receiving this medication in jail. Mr. Riedel suffers from anxiety and depression, for which he takes prescription medications including Wellbutrin and Seroquel. He is not currently receiving those mediations while in jail. Without their medication, Mr. Fason and Mr. Riedel will not be able to meaningfully participate in the revocation

process. Without a temporary restraining order or preliminary injunction, Mr. Fason and Mr. Riedel will be irreparably harmed by being required to submit to a parole revocation hearing without reasonable accommodations.

Plaintiffs request relief on behalf of provisional class of all adult parolees who are in the custody, or under the supervision, of the ADC, and who currently face or will in the future face the revocation of their parole and reincarceration by Defendants. Additionally, Mr. Fason and Mr. Riedel request relief on behalf of a provisional subclass of all adult parolees who are in the custody, or under the supervision, of the ADC; who have a disability, as defined by 42 U.S.C. § 12102 and 29 U.S.C. § 705(9)(B); who need accommodations in order to meaningfully access and participate equally in the parole revocation process; and who currently face, or in the future will face, parole revocation proceedings administered by Defendants. For the reasons stated in the motion for class certification and supporting brief filed contemporaneously with this motion, certification of the class and subclass is appropriate. But the Court need not decide the class-certification motion to grant classwide preliminary relief, because "courts may issue temporary relief to a putative class." *A.A.R.P. v. Trump*, 605 U.S. 91, 98 (2025). Without class-wide relief, thousands of persons will face parole revocation proceedings without constitutionally required counsel, will suffer other due process deprivations, and will be denied statutorily mandated disability accommodations before the Court is able to issue relief on the merits.

Plaintiffs request expedited review and relief because of the timing of their parole revocation hearings. Parole revocation hearings are typically held within fourteen days of an arrest for parole revocation. Mr. Fason's hearing has been scheduled for February 3, 2026, but Mr. Fason will request that it be continued to allow more time for him to gather evidence, contact witnesses, and request and be screened for accommodations, including the assistance of appointed counsel.

The other Named Plaintiffs' hearings have not yet been scheduled, but all expect that their hearings will be scheduled to take place within fourteen days of their arrests, *i.e.*, by the end of this week or early next week, based on Defendants' policies, customs, and practices. Without immediate relief, Named Plaintiffs and the provisional class they represent will be deprived of parole revocation hearings that comport with due process, and Mr. Fason and Mr. Riedel and the provisional subclass they represent will be denied disability accommodations guaranteed to them by law. Immediately after filing the complaint and this motion, the undersigned will inform the Arkansas Attorney General's Office and Counsel for the Arkansas Department of Corrections so that Defendants have notice that expedited relief is requested.

In support of this motion, Plaintiffs submit the following exhibits:

- Exhibit 1 – Danielle Kaeble, *Probation and Parole in the United States, 2023*, U.S. Dep't of Just., Off. of Just. Programs, Bureau of Just. Stat. (July 2025).
- Exhibit 2 – 2023–2025 Parole Revocation Data, Compiled Using Data Provided by the PPTB to Plaintiffs' Counsel in Response to a June 2025 FOIA Request.
- Exhibit 3 – Declaration of Jimmy Russell, signed December 10, 2025.
- Exhibit 4 – Declaration of Antonio Guyton, signed December 11, 2025.
- Exhibit 5 – Declaration of Luis Torres-Delgado, signed January 29, 2026.
- Exhibit 6 – Declaration of Alexander Campos, signed January 29, 2026.
- Exhibit 7 – *Arkansas Parole Board Policies*, MuckRock (Jan. 3, 2025), https://www.muckrock.com/foi/arkansas-114/arkansas-parole-board-policies-174099.
- Exhibit 8 – Declaration of Shannon Miner, signed December 12, 2025.
- Exhibit 9 - Declaration of Don Warren, signed December 11, 2025.
- Exhibit 10 – Declaration of Jabez Thompson, signed December 12, 2025.

- Exhibit 11 – Declaration of Samuel Fancher, signed December 10, 2025.
- Exhibit 12 – Declaration of Alejandro Pacheco, signed December 11, 2025.
- Exhibit 13 – Declaration of Christopher Brown, signed December 11, 2025.
- Exhibit 14 – Declaration of Jeremy Calvert, signed December 11, 2025.
- Exhibit 15 – Declaration of Gregory Greer, signed December 11, 2025.
- Exhibit 16 – Declaration of Michael Walker, signed December 11, 2025.
- Exhibit 17 – Declaration of Alvester Boyd, signed December 18, 2025.
- Exhibit 18 – Declaration of Brandon Baker, signed January 5, 2026.
- Exhibit 19 – Declaration of Odell Burnell, signed December 18, 2025.
- Exhibit 20 – Declaration of Phillip Callahan, signed December 11, 2025.
- Exhibit 21 – Declaration of Davion Pruitt, signed January 24, 2026.
- Exhibit 22 – Declaration of Jerrell Johnson, signed January 29, 2026.
- Exhibit 23 – Declaration of Kelsy Luneau, signed January 29, 2026.
- Exhibit 24 – Declaration of Marcus Whitaker, signed January 29, 2026.
- Exhibit 25 – Declaration of Johnathan Hawkins, signed January 29, 2026.
- Exhibit 26 – Declaration of Jonathan Pharris, signed December 11, 2025.
- Exhibit 27 – Declaration of Dustin Beshears, signed December 11, 2025.
- Exhibit 28 – Declaration of Stanley Rhodes, signed December 18, 2025.
- Exhibit 29 – Declaration of Steven Higgins, signed January 15, 2026.
- Exhibit 30 – Declaration of Justin Vanderpool, signed December 11, 2025.
- Exhibit 31 – Declaration of Todd Fason, signed January 29, 2026.
- Exhibit 32 – Notice of Parole Violation Action & Revocation Hearing Waiver Forms.
- Exhibit 33 – Declaration of Sierra Elwood, signed December 12, 2025.

- Exhibit 34 – Declaration of Shaqwon Collins, signed January 29, 2026.
- Exhibit 35 – Declaration of Jeffrey Swinford, signed January 29, 2026.
- Exhibit 36 – Declaration of Don Henson, signed December 11, 2025.
- Exhibit 37 – Attachment W, Attachment, V, and Attachment K of Bid Solicitation.
- Exhibit 38 – Melissa J. Zielinski et al., Emotional and Behavioral Health Among Pulaski County Jail Detainees (Apr. 2022).
- Exhibit 39 – Arkansas Correctional School District Dyslexia Screening and Intervention Plan.
- Exhibit 40 – Bobby D. Rampey et al., *Highlights from the U.S. PIAAC Survey of Incarcerated Adults: Their Skills, Work Experience, Education, and Training*, Nat'l Ctr. for Educ. Stat. (Nov. 15, 2016), https://nces.ed.gov/pubs2016/2016040.pdf.
- Exhibit 41 – Susan Dewey et al., *Higher Education in Prison*, 71 J. of Corr. Educ. 57 (2020).
- Exhibit 42 – Declaration of NeDraya McGowan, signed January 29, 2026.
- Exhibit 43 – Declaration of Calvin Davis, signed January 29, 2026.
- Exhibit 44 – Declaration of Robby Riedel, signed January 30, 2026.
- Exhibit 45 – Revocation Documents of A. Guyton.
- Exhibit 46 – Declaration of Kevin Barnes, signed December 22, 2025.
- Exhibit 47 – Declaration of Aaron T. Dillard, signed December 18, 2025.

WHEREFORE, Plaintiffs request the following relief:

A. Hold a hearing on this motion as soon as practicable;

B. Issue a temporary restraining order prohibiting Defendants from subjecting Named Plaintiffs and members of the provisional class and subclass to the unlawful policies, practices, and conduct described in Plaintiffs' complaint and above;

C. Issue a temporary restraining order requiring Defendants to screen for and, where applicable, provide Named Plaintiffs and members of the provisional class state-appointed counsel as required by *Gagnon v. Scarpelli*, 411 U.S. 778 (1973);

D. Issue a temporary restraining order requiring Defendants to provide Named Plaintiffs and members of the provisional class the procedural protections described in *Morrissey v. Brewer*, 408 U.S. 471 (1972), including adequate notice of Plaintiffs' and the provisional class members' alleged violations, the right to cross-examine and confront adverse witnesses, and the right to present mitigating evidence and witnesses;

E. Issue a temporary restraining order requiring Defendants to screen for, and where applicable, provide Mr. Fason and Mr. Riedel and members of the provisional subclass reasonable accommodations as necessary to ensure their meaningful access to the parole revocation process;

F. Convert the temporary restraining order to a preliminary injunction; and

G. Waive security for the temporary restraining order and preliminary injunction otherwise required by Fed. R. Civ. P. 65(c).

DATED: February 2, 2026 Respectfully submitted,

By: */s/ John C. Williams*
John C. Williams (Ark. Bar No. 2013233)
Hadiyah Cummings (Md. Bar No. 2504281001)
ARKANSAS CIVIL LIBERTIES UNION FOUNDATION, INC.
904 West 2nd Street
Little Rock, AR 72201
Tel.: 501-374-2842
john@acluarkansas.org
hadiyah@acluarkansas.org

Bridget Geraghty (*motion to appear pro hac vice forthcoming*)
Emily C. Keller (*motion to appear pro hac vice forthcoming*)
Olivia Fritz (*motion to appear pro hac vice forthcoming*)
RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
160 East Grand Avenue, 6th Floor
Chicago, IL 60611
Tel.: 312-503-8282
Fax: 312-503-0891
bridget.geraghty@macarthurjustice.org
emily.keller@macarthurjustice.org
olivia.fritz@macarthurjustice.org

Samir Deger-Sen (*motion to appear pro hac vice forthcoming*)
S.Y. Jessica Hui (*motion to appear pro hac vice forthcoming*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel.: 212-906-1200
Fax: 212-751-4864
samir.deger-sen@lw.com
jess.hui@lw.com

Christine C. Smith (*motion to appear pro hac vice forthcoming*)
Chanelle N. Jones (*motion to appear pro hac vice forthcoming*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel.: 202-637-2200
Fax: 202-637-2201
christine.smith@lw.com
chanelle.jones@lw.com

*Attorneys for Plaintiffs and the Proposed Class*

**Certificate of Service**

I hereby certify that on February 2, 2026, I filed the foregoing via the CM/ECF system and will serve Defendants Boyce Hamlet, Lindsay Wallace, Jim Cheek, and Jamie Barker by serving a copy with the Complaint and Summons.

*/s/ John C. Williams*
John C. Williams