**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TODD FASON, *et al.*** **PLAINTIFFS**

**v.** **Case No. 4:26-cv-00089 KGB**

**BOYCE HAMLET, *et al.*** **DEFENDANTS**

**ORDER**

Before the Court is defendants Boyce Hamlet, in his official capacity as Chair of the Arkansas Post-Prison Transfer Board ("PPTB"); Lindsay Wallace, in her official capacity as Secretary of the Arkansas Department of Corrections ("ADC"); Jim Cheek, in his official capacity as Director of the Arkansas Division of Community Correction ("ACC"); and Jamie Barker, in his official capacity as Chair of the Arkansas Board of Corrections's ("ABC") (collectively "Defendants") motion for stay pending appeal (Dkt. No. 59). Plaintiffs Todd Fason, NeDraya McGowan, and Robby Riedel responded to the motion (collectively "Plaintiffs") (Dkt. No. 70).[1]

Also before the Court is Defendants' motion to clarify preliminary injunction Order, filed March 11, 2026 (Dkt. No. 66). Plaintiffs have not yet responded to that motion and their time to do so has not yet passed. That motion, therefore, is not yet ripe for adjudication. *See Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas* 7.2(b).

[1] In Defendants' motion seeking a stay, Defendants state: "If the Court does not rule by Wednesday, March 4, 2026, Defendants will be compelled to move for a stay pending appeal before the Eighth Circuit to prevent the irreparable harm caused by the injunction." (Dkt. No. 60, at 14). Defendants did not, however, move for the Court to shorten the time for Plaintiffs to respond to the motion seeking a stay. Accordingly, the Court declined to address the motion before it was ripe for adjudication. *See Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas* 7.2(b).

## I. Procedural Background

On February 2, 2026, Plaintiffs filed a complaint which alleged that Defendants violated their rights to due process under the Fourteenth Amendment and that Defendants violated Title II of the Americans with Disability Act, 42 U.S.C. § 12132 ("ADA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act") (Dkt. No. 1). On the same day, Plaintiffs sought a temporary restraining order and preliminary injunction against Defendants (Dkt. No. 2) and filed a motion to certify class (Dkt. No. 4).

On February 17, 2026, Defendants responded to the motion for a temporary restraining order and preliminary injunction by filing a motion to dismiss (Dkt. Nos. 30; 31), and on February 20, 2026, Plaintiffs replied (Dkt. No. 47). On February 19, 2026, Defendants responded to the motion to certify class (Dkt. No. 35), and on February 23, 2026, Plaintiffs replied (Dkt. No. 48).

On February 20, 2026, the Court denied Plaintiffs' motion for a temporary restraining order (Dkt. No. 46). On February 27, 2026, the Court granted Plaintiff's motion for a preliminary injunction (Dkt. No. 55). On March 3, 2026, Defendants filed their motion for stay pending appeal (Dkt. No. 59).

## II. Legal Framework And Analysis

In Defendants' motion for stay pending appeal, Defendants ask the Court to stay the Court's preliminary injunction order pending the resolution of the appeal to the United States Court of Appeals for the Eighth Circuit (Dkt. No. 59). Prior to filing their motion for stay pending appeal, Defendants appealed the preliminary injunction to the Eighth Circuit (Dkt. No. 57).

In considering Defendants' request for a stay of the Court's preliminary injunction pending appeal, the Court has considered the appropriate authorities and factors. *See Kansas v. United States*, 124 F.4th 529, 533 (8th Cir. 2024) (citing *Brady v. National Football League*, 640 F.3d

785, 789 (8th Cir. 2011)); *Walker v. Lockhart*, 678 F.2d 68, 70–71 (8th Cir. 1982). The Court denies Defendants' motion to stay the Court's preliminary injunction pending appeal—to the extent this Court retains jurisdiction over such a motion under Federal Rule of Civil Procedure 62 and the circumstances of this case—for the reasons stated in the Court's preliminary injunction (Dkt. No. 55).

**III. Conclusion**

For the foregoing reasons, the Court:

(1) denies Defendants' motion for stay pending appeal (Dkt. No. 59); and

(2) continues to hold under advisement Defendants' motion to clarify preliminary injunction order, which motion is not yet ripe for adjudication (Dkt. No. 66).

It is so ordered this 18th day of March, 2026.

Kristine G. Baker

Kristine G. Baker
Chief United States District Judge