**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TODD FASON, *et al.*** **PLAINTIFFS**

**v.** **Case No. 4:26-cv-00089 KGB**

**BOYCE HAMLET, *et al.*** **DEFENDANTS**

# ORDER

Before the Court is defendants Boyce Hamlet, in his official capacity as Chair of the Arkansas Post-Prison Transfer Board ("PPTB"); Lindsay Wallace, in her official capacity as Secretary of the Arkansas Department of Corrections ("ADC"); Jim Cheek, in his official capacity as Director of the Arkansas Division of Community Correction ("ACC"); and Jamie Barker, in his official capacity as Chair of the Arkansas Board of Corrections's ("ABC") (collectively "Defendants") motion to clarify Preliminary Injunction Order (Dkt. No. 66). Plaintiffs Todd Fason, NeDraya McGowan, and Robby Riedel, on behalf of themselves and all similarly situated individuals (collectively "Plaintiffs"), responded to the motion to clarify (Dkt. No. 72), and Defendants replied (Dkt. No. 75).

## I. Background

On February 2, 2026, Plaintiffs filed a class action complaint in which they alleged pursuant to 42 U.S.C. § 1983 that Defendants violated their rights to due process under the Fourteenth Amendment and that Defendants violated Title II of the Americans with Disability Act, 42 U.S.C. § 12132 ("ADA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act") (Dkt. No. 1). On the same day, Plaintiffs sought a temporary restraining order and preliminary injunction against Defendants (Dkt. No. 2) and filed a motion to certify class (Dkt. No. 4).

On February 20, 2026, the Court denied Plaintiffs' motion for a temporary restraining order (Dkt. No. 46). On February 27, 2026, the Court granted Plaintiffs' motion for a preliminary injunction (Dkt. No. 55). On that same date, Defendants filed a notice of interlocutory appeal (Dkt. No. 57). On March 11, 2026, Defendants filed their motion to clarify (Dkt. No. 66).

## II. Legal Framework And Discussion

Defendants represent that they are "uncertain as to how to comply with certain parts" of the Preliminary Injunction Order and "request clarification from the Court regarding those provisions" of the Preliminary Injunction Order (Dkt. No. 66, at 1). Defendants seek clarity on three issues (Dkt. No. 67).

When considering whether to modify a preliminary injunction, "a district court is not bound by a strict standard of changed circumstances but is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law." *Omaha Indem. Co. v. Wining*, 949 F.2d 235, 239 (8th Cir. 1991) (citing *Movie Systems, Inc. v. MAD Minneapolis Audio Distributors,* 717 F.2d 427, 430 (8th Cir. 1983) (preliminary injunction context), and *McDonald v. Armontrout,* 908 F.2d 388, 390 (8th Cir. 1990) (consent decree context)).

### A. Timing Of Preliminary Hearings

First, Defendants seek clarification on when preliminary hearings are supposed to occur (Dkt. No. 67, at 1–2). The Court's Preliminary Injunction Order states that a "preliminary hearing must be 'at the time of [a modified Proposed Class member's] arrest and detention'" (Dkt. No. 55, at 71) and that the modified Proposed Class member should be:

> given written notice of when the preliminary hearing will take place, that the purpose of the preliminary hearing is to determine whether there is probable cause to believe that he has committed a parole violation, and the parole violations that have been alleged

(*Id.*).

Defendants state that: (1) they "cannot hold the preliminary hearing at the *exact* 'time of' a parolee's arrest" while also providing advance, written notice or a meaningful opportunity to present evidence and confront adverse witnesses (Dkt. No. 67, at 2) (emphasis in original); and (2) having preliminary hearings at the exact time of a parolee's arrest is unworkable since coordination is required to have local law enforcement serve as adverse witnesses (*Id.*). Defendants state that they intend to provide parolees with written notice of their preliminary hearing at the time of their arrest or within a reasonable amount of time thereafter and intend to hold the preliminary hearing within a reasonable amount of time after the parolee's arrest for a possible parole violation. Defendants then state, "[h]owever, to ensure compliance with the Court's order, Defendants respectfully request clarification as to whether ten days may permissibly elapse between the parolee's arrest and detention and the preliminary hearing" (*Id.*, at 3).

In Plaintiffs' response, they represent that they "reserve the right to argue for more stringent due process protections at future stages of litigation, including with respect to the permissible length of time between arrests and preliminary hearings," but that they "do not object to Defendants' requested clarification of the preliminary injunction" (Dkt. No. 72, at 2).

The parties agree on this point at this stage of the litigation; the Court need not rule. To the extent the Court is required to rule, at this stage of the litigation, the Court determines that Defendants' proposal of ten days elapsing between the parolee's arrest and detention and the preliminary hearing would not violate the part of the Court's Preliminary Injunction Order which requires Defendants to hold a preliminary hearing and provide written notice of the hearing to modified Proposed Class members as required by *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). *See Gasca v. Precythe*, 500 F. Supp. 3d 830, 840–43, 846, 849 (W.D. Mo. 2020) *aff'd in part*, 83 F.4th 705 (8th Cir. 2023) (not enjoining Missouri's

preliminary hearing policy which required Defendants to provide parolees with a copy of the violation report and conduct an initial interview within 10 business days of becoming aware of the alleged violation and required Defendants to hold the preliminary hearing within 10 business days of the initial interview); *Morrissey*, 408 U.S. at 485 (preliminary hearing should be conducted "as promptly as convenient after arrest while information is fresh and sources are available").

**B. Requirement To Holding Preliminary Hearings When A Parolee Is Not Detained**

Second, Defendants seek clarification regarding whether a preliminary hearing is required when the parolee is not detained prior to the final hearing (Dkt. No. 67, at 3). The Preliminary Injunction Order states that Defendants must "hold for the modified Proposed Class preliminary hearings when facing parole revocation, except when the right to a preliminary hearing is waived, as articulated in *Morrissey*" (Dkt. No. 55, at 71).

Defendants assert that parolees are not always detained prior to their final revocation hearing and that requiring preliminary hearings for such parolees would be burdensome (Dkt. No, 67, at 3). Defendants argue that the rights in *Morrissey* related to preliminary hearings apply only to parolees who are detained (*Id.*). Defendants state that they interpret the Court's injunction as only requiring a preliminary hearing if Defendants wish to detain the parolee before the final revocation but seek clarification as to whether this interpretation is correct (*Id.*, at 4). Plaintiffs do not oppose the clarification (Dkt. No. 72, at 2).

The parties agree on this point; the Court need not rule. To the extent the Court is required to rule, at this stage of the litigation, the Court determines that not holding preliminary hearings for members of the modified Proposed Class who are not detained prior to their final revocation hearing would not violate the Court's Preliminary Injunction Order, which requires Defendants to hold preliminary hearings as required by *Morrissey*. *See Morrissey*, 408 U.S. at 485 (describing

the first stage of the "typical process of parole revocation" as occurring "when the parolee is arrested and detained, usually at the direction of his parole officer"); *Id.*, at 487 (stating that at the preliminary hearing, the hearing officer should "determine whether there is probable cause to hold the parolee for the final decision of the parole board on revocation"); *see also United States v. Strada*, 503 F.2d 1081, 1084 (8th Cir. 1974) (finding that a lack of a preliminary hearing was not a denial of due process when the probationer was not in custody before the probation revocation hearing).

**C. Waiver**

Third, Defendants seek clarification regarding the Preliminary Injunction Order's statement that "any waiver that is 'encouraged is likely to be unknowing and involuntary'" (Dkt. No. 67, at 4). The Preliminary Injunction Order states that:

> [a]ny waiver of the right to a preliminary hearing [or revocation hearing] that is the result of inaccurate or incomplete information or that is coerced or encouraged is likely to be unknowing and involuntary, and Plaintiffs are likely to prevail in demonstrating that denying parolees the hearings to which they are constitutionally entitled under *Morrissey* is a violation of due process.

(Dkt. No. 55, at 72, 75–76).

Defendants seek clarification as to whether waivers that parolees execute in exchange for favorable 90-day or 6-month terms constitute "encouraged" waivers that the Court will "likely" deem "unknowing and involuntary" (Dkt. No. 67, at 4). Defendants argue that analogous plea-bargaining is "an essential component of the administration of justice" and should be permitted (*Id.*). Defendants state that they interpret the Court's injunction as not enjoining them from providing such terms to parolees (*Id.*). Plaintiffs do not oppose the clarification (Dkt. No. 72, at 2).

The parties agree on this point; the Court need not rule. To the extent the Court is required to rule, at this stage of the litigation, the Court determines that providing parolees with the

opportunity to waive their preliminary hearing or revocation hearing in exchange for release after 90 days of confinement or eligibility for reconsideration after 6 months is not a *per se* violation of the Court's Preliminary Injunction Order. Whether a waiver of a proposed Modified Class member's right to a preliminary hearing and revocation hearing is knowing and voluntary remains a fact specific inquiry. *See Brookhart v. Janis*, 384 U.S. 1, 4, (1966) ("The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, *see*, e. g., *Glasser v. United States*, 315 U.S. 60, 70–71, and for a waiver to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege'"); *United States v. Taylor*, 747 F.3d 516, 519 (8th Cir. 2014) (stating in the federal parole context that "[b]efore a supervised release may be revoked, a defendant has a right to a revocation hearing. Fed. R. Crim. P. 32.1(b). This right may be waived, but to be effective a waiver must be knowingly and voluntarily made."); *Gasca*, 500 F. Supp. 3d at 850, *aff'd in part*, 83 F.4th 705 (8th Cir. 2023) ("Morrissey makes clear that the default is to conduct preliminary and revocation hearings and that parolees are constitutionally entitled to such hearings.").

## III. Conclusion

For the foregoing reasons, to the extent this Court retains jurisdiction over this matter, the Court grants Defendants' motion to clarify preliminary injunction order and clarifies the Preliminary Injunction Order as stated herein (Dkt. No. 66).

The Court observes that the parties dispute in their filings whether preliminary and revocation hearings are occurring in compliance with this Court's Preliminary Injunction Order (Dkt. Nos. 72; 75). However, the parties have not asked the Court to address these concerns (Dkt. Nos. 72; 75). Concerns about compliance with this Court's Preliminary Injunction Order while it

is in effect should be addressed first through counsel for the parties meeting and conferring and then second, if necessary, a filed motion seeking the appropriate relief.

It is so ordered this 3rd day of April, 2026.

Kristine G. Baker
Kristine G. Baker
Chief United States District Judge